[Cite as *State v. Lucko*, 2021-Ohio-3293.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Craig R. Baldwin, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2021CA0007 |
| PAUL LUCKO | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDINGS:    Appeal from the Coshocton Municipal
Court, Case No. CRB2000602

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    September 17, 2021

APPEARANCES:

For Plaintiff-Appellee

RICHARD J. SKELTON
Assistant Law Director
760 Chestnut Street
Coshocton, Ohio 43812

For Defendant-Appellant

ROBERT E. WEIR
239 N. 4th Street
Coshocton, Ohio 43812

*Hoffman, J.*

**{¶1}** Defendant-appellant Paul Lucko appeals the judgment entered by the Coshocton Municipal Court convicting him of littering in violation of R.C. 3767.32(A), and fining him $50.00. Plaintiff-appellee is the state of Ohio.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** Appellant lives on 10th Street in Coshocton, Ohio, next to Robin Helms. Appellant and Helms have a longstanding contentious relationship. On October 22, 2020, Appellant and Helms began arguing across their property line. Appellant threw several handfuls of "potato stix" snacks, some of which landed over the fence line on Helms's property. When police arrived, Appellant admitting to throwing the potato stix on Helms's property, but told police while he was feeding the birds, the wind carried some of the potato stix to Helms's property.

**{¶3}** Appellant was charged with littering in violation of R.C. 3767.32(A). Appellant presented no evidence at trial, but argued potato stix are not "garbage, trash, waste [or] rubbish" as defined by the statute. The trial court found Appellant guilty as charged and fined him $50.

**{¶4}** It is from the January 27, 2021 judgment of conviction and sentence Appellant prosecutes his appeal, assigning as error:

THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING APPELLANT GUILTY OF LITTERING.

**{¶5}** Appellant argues because potato stix are food, they are not "litter" as defined by statute because they can be consumed by animals or will simply disintegrate into the earth after being discarded on the ground.

**{¶6}** R.C. 3767.32 provides in pertinent part:

(A) No person, regardless of intent, shall deposit litter or cause litter to be deposited on any public property, on private property not owned by the person, or in or on waters of the state unless one of the following applies:

(1) The person is directed to do so by a public official as part of a litter collection drive;

(2) Except as provided in division (B) of this section, the person deposits the litter in a litter receptacle in a manner that prevents its being carried away by the elements;

(3) The person is issued a permit or license covering the litter pursuant to Chapter 3734. or 6111. of the Revised Code.

(D) As used in this section:

(1) "Litter" means garbage, trash, waste, rubbish, ashes, cans, bottles, wire, paper, cartons, boxes, automobile parts, furniture, glass, auxiliary containers, or anything else of an unsightly or unsanitary nature.

**{¶7}** Because the Revised Code does not define garbage, trash or waste, the trial court applied the dictionary definitions. Garbage is defined by the Merriam Webster dictionary to include "food waste" or "discarded or useless material." Trash is defined as

"junk" or "rubbish."   Waste is defined as "refuse from places of human or animal habitation."

**{¶8}**   The trial court concluded in its January 11, 2021 judgment entry:

Potato stix are a food product consumed by people.  However, when that food product is tossed on the ground it is no longer consumable by people and therefore becomes food waste.   Food waste is garbage.  Garbage is litter.  Therefore, Defendant is guilty of littering.

**{¶9}**   We agree with the reasoning and findings of the trial court.  While Appellant claims under this ruling the people of Coshocton can no longer throw peanuts to the squirrels in the square, feed bread crumbs to the fish in Lake Park, or throw rice or bird seed at weddings, Appellant did not challenge the statute on the grounds it is overreaching or void for vagueness.  The statute imposes liability regardless of the intent of the person who is littering, and we find when a food product is discarded on the ground, it becomes food waste which falls within the definition of "garbage."

**{¶10}** The assignment of error is overruled.   The judgment of the Coshocton Municipal Court is affirmed.


By: Hoffman, J.

Baldwin, P.J.  and

Delaney, J. concur